LACONIA SAVINGS BANK *v.* ROLLINS & *Wife.*

The sale on execution of an equity of redemption of premises in which a homestead right exists, made after a homestead has been demanded, and before the same has been set off and· assigned according to the requirements of the statute, does not give the purchaser a title upon which he can maintain a writ of entry for the land against the person entitled to the homestead.

WRIT OF ENTRY.  Facts found by the court.  November 19, 1881, the demanded premises were the property and family homestead of the defendant Wm. II. H. Rollins, and the defendant Mary J. Rollins was his wife.  On that day said premises were attached on a writ in favor of the Belknap Savings Bank, and two days afterwards the same were attached on a writ in favor of the plaintiffs.  Judgments were recovered in both suits at the March term, 1882, and executions issued, which were placed in the hands of J. P. Whittier, deputy sheriff, to levy.

April 21, 1882, Mary J. Rollins presented a petition to Whittier, setting forth that the premises were about to be levied on by the execution in favor of the Belknap Savings Bank, and asking that a homestead be set off to her.  Whereupon Whittier caused appraisers to be duly appointed and sworn.  May 6, Whittier took and advertised to be sold on execution in favor of the Belknap Savings Bank all the right in equity which Wm. H. H. Rollins had in the demanded premises on the 19th day of November, 1881.  June 3, 1882, the appraisers certified to Whittier as follows:

" We, the subscribers, having carefully examined a tract of land, with the buildings thereon, situate in Tilton in the county of Belknap, being the homestead farm of William H. H. Rollins [the premises here described are the demanded premises], shown us as the estate of said William H. H. Rollins, which the said debtor claims as a homestead, and out of which the said Mary J. Rollins has petitioned to have a homestead set off, not exceeding $500 in value, are of the opinion that the same cannot be divided without injury, and have therefore appraised the whole thereof at its just value, and do on our oaths say that the real estate above described, subject to the contingent right of dower of the said Mary J. Rollins, is of the value of $3,075, and no more, and do make and sign this appraisal of the whole value thereof, and return the same to J. P. Whittier, deputy sheriff.  It is understood that the before-mentioned real estate, together with another tract of land situate in Sanbornton in said county, is encumbered by mortgage.  The amount of said encumbrance, and how much should be apportioned to the premises appraised by us, has not been determined by us, but is left to be determined hereafter by us, or by other competent authority, as the law requires.

" The foregoing appraisal is made upon said property, situate in said Tilton, as if it were free from incumbrance."

June 5, Whittier gave a copy of the foregoing appraisal to Mary J. Rollins, with a notice that if the surplus of $3,075 above the following sums, to wit, $500, and that portion of the incumbrance thereon referred to which shall be apportioned to the premises appraised, is not paid within sixty days from the time of service of this notice, the property so appraised will be sold.

June 20, Mary J. Rollins tendered to Whittier, in the presence of

the treasurer of the Belknap Savings Bank, $939, the surplus, as she claimed, due on the demanded premises, over and above the apportioned incumbrance thereon and the appraised value of the same, less $500, her homestead interest in the same; and on the 26th day of July said Belknap Savings Bank accepted said tender of $939 as the surplus due on the demanded premises, above the apportioned mortgage incumbrance thereon and the appraised value of the same, less $500, the homestead interest in the same, and on the same day Whittier caused the premises to be set off to said Mary J. Rollins as a homestead and his return thereof to be recorded in the registry of deeds. The defendants were then, and ever since have been, in possession of the premises.

May 6, 1882, Whittier took on execution in favor of the plaintiffs all the right in equity to redeem the demanded premises which Wm. H. H. Rollins had November 21, 1881, and duly sold the same to the plaintiffs August 26, 1882, for $300, and on the same day delivered to them a deed thereof in due form.

*E. A. Hibbard*, for the plaintiffs.

*Jewell & Stone*, for the defendants.

ALLEN, J. The defendant Mary J. Rollins, wife of the debtor, was entitled to a homestead of the value of $500 in her husband's right in equity to redeem the land from the mortgage. G. L., c. 138, s. 1. No homestead has been assigned, nor have the statute requirements providing for the sale of the homestead estate, which cannot be divided without injury, or for its entire assignment as a homestead, been complied with. The statute provides, that when, in the opinion of the appraisers, the land cannot be divided without injury, the whole shall be appraised, and if the surplus of the appraised value is not paid within sixty days after notice, the property so appraised shall be sold. If the surplus is paid, the whole land shall be set off as a homestead. If the person entitled to a homestead does not pay the surplus, the creditor may pay the $500, which shall be added to his debt, and the land set off to him, or sold, if under mortgage, to satisfy that sum. If neither the surplus nor the $500 is paid, the land appraised shall be sold as an equity of redemption is sold on execution; and if more than $500 is bid, the surplus shall be applied in payment of the execution. If not more than that sum is bid, the facts shall be returned and recorded, and shall be a good title to the land as a homestead. G. L., c. 138, ss. 12 to 17 inclusive. The appraisers appointed to value the homestead were of opinion that the land could not be divided without injury, and appraised the land without regard to a mortgage upon this and another tract of land. This was not the appraisal called for by the statute. The homestead to which the defendant is entitled is in "any interest" of the husband's in the

land, and that interest in this case is an equity of redemption. No definite and just surplus beyond $500 could be ascertained without taking into account the amount of the mortgage upon the land; and "the whole" which the appraisers were required to value was the whole interest in which a homestead was demanded, and that was an equity of redemption. The appraisal being not of the equity, but of the land regardless of the mortgage, the true surplus beyond $500, which the defendant had the privilege to pay, and then take the whole as a homestead, could not be determined, and the proceeding was of no effect, and void. It was as if no appraisal had been made. The payment to the Belknap Savings Bank, the creditors having the first execution, by the defendant, was not a payment of a surplus ascertained upon a valid appraisal. Though accepted by those creditors, it did not bind the plaintiffs, who were strangers to the proceeding, and the set-off of the whole land to the defendant as a homestead was imperative, and the title acquired by that set-off cannot be used as a defence in this action.

The defendant, having a right of homestead in the premises, made application to the officer having the plaintiffs' execution for an assignment of the homestead; and no valid levy of any execution then in the officer's hands could be made until the assignment of the homestead, or the failure of the defendant to pay the surplus of the appraised value beyond $500, as provided by the statute. Although the application made special reference to an assignment of her homestead against the first execution, it was equally an application for an assignment against any execution then in the officer's hands. "The officer to whom any writ of execution against the husband is delivered to be levied on his real estate, on request in writing, &c., shall cause such homestead, as the party applying shall elect, to be set off and assigned." G. L., c. 138, s. 7. The request is made to the officer and not to the creditors, and the statute requires the officer to act upon it if he has any execution in his hands to be levied upon the estate; and the fact that one execution creditor is designated by name in the request for a homestead cannot defeat the defendant's right to an assignment of a homestead against any execution then present to be levied. Any other construction of the statute would leave the homestead owner without that protection which the legislature very plainly intended to give. There being a request to the officer for a homestead, and no valid assignment of one, the plaintiffs acquired no title against the defendant by the execution sale. *Fogg* v. *Fogg*, 40 N. H. 288; *Tucker* v. *Kenniston*, 47 N. H. 267. Against her, the homestead owner in possession, with an application for an assignment of the homestead partly executed, no rights have been acquired which entitle the plaintiffs to maintain the action.

*Judgment for the defendants.*

CARPENTER, J., did not sit: the others concurred.